**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO:**

KENDALL STRICKER,

    Plaintiff(s),

v.

LAKE VIEW 6919 LLC, and
PURPLE HAZE PROJECT LLC,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, KENDALL STRICKER ("Plaintiff" or "Stricker"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, LAKE VIEW 6919 LLC ("LAKE VIEW"), and PURPLE HAZE PROJECT LLC ("PURPLE HAZE") (collectively referred to hereinafter as "Defendants") on behalf of herself, and alleges as follows:

**INTRODUCTION**

1. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to seek redress of Defendants' violations of the FLSA. In one or more workweeks during Plaintiff's employment period, Defendants unlawfully compensated Plaintiff at her regular hourly rate for all hours worked in excess of forty (40), thereby depriving Plaintiff of overtime wages. Plaintiff therefore seeks to recover all wages owed to her during the course of her employment by Defendants.

**PARTIES**

2. During all times material hereto, Plaintiff is a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, LAKE VIEW 6919 LLC, is a Florida Limited Liability Company licensed to transact business in Florida within the jurisdiction of this Honorable Court, and with a principal place of business at 6919 SW 18th St., Ste. 104, Boca Raton, FL 33433.

4. During all times material hereto, Defendant, PURPLE HAZE PROJECT LLC, is a Florida Limited Liability Company licensed to transact business in Florida within the jurisdiction of this Honorable Court, and with a principal place of business at 3514 Lake Worth Rd., Palm Springs, FL 33461.

5. During all times material hereto, Defendants, LAKE VIEW and PURPLE HAZE, possessed authority to hire, fire, and discipline, any and all of their shared employees, including Plaintiff.

6. During all times material hereto, Defendant, LAKE VIEW, determined, approved, and administered the payroll practices applicable to Plaintiff, including the issuance of paychecks for Plaintiff.

7. During all times material hereto, Defendant, PURPLE HAZE, determined, approved, and administered the payroll practices applicable to Plaintiff, including the issuance of paychecks for Plaintiff.

8. Defendant, LAKE VIEW, supervised Plaintiff, determined payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

9. Defendant, PURPLE HAZE, supervised Plaintiff, determined payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

10. During all times material hereto, Plaintiff was dependent upon Defendant, LAKE VIEW, for her employment, as this Defendant, in addition to Defendant PURPLE HAZE, collectively supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work in furtherance of their business objectives.

11. During all times material hereto, Plaintiff was dependent upon Defendant, PURPLE HAZE, for her employment, as this Defendant, in addition to Defendant LAKE VIEW, collectively supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work in furtherance of their business objectives.

12. Defendant, LAKE VIEW, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

13. Defendant, PURPLE HAZE, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

14. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

15. Defendants LAKE VIEW and PURPLE HAZE regularly transact business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

16. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

17. Defendants, LAKE VIEW and PURPLE HAZE, own vaporizer and smoke stores that sell vaporizers, e-cigarettes, tobacco wrap, hookah equipment, and other smoke and vape products.

18. Defendants each employ at least two or more individuals in their stores to monitor the stores, restock items, assist customers, and operate the cash registers.

19. Defendants, LAKE VIEW and PURPLE HAZE, provide the same or substantially similar services to their shared clients and customers throughout the state of Florida.

20. Defendants, LAKE VIEW and PURPLE HAZE, share employees, upper management, tools and personnel to run their joint business operations throughout the State of Florida.

## FLSA COVERAGE

21. Defendant, LAKE VIEW, is covered under the FLSA through enterprise coverage, as LAKE VIEW was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant and Plaintiff's work for the Defendant affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, LAKE VIEW, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

22. Defendant, PURPLE HAZE, is covered under the FLSA through enterprise coverage, as PURPLE HAZE was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant and Plaintiff's work for the Defendant affected interstate commerce because the goods and materials Plaintiff and other

employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant PURPLE HAZE was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

23. During her employment with Defendants, Plaintiff and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: vaporizers, e-cigarettes, tobacco leaf, glass pipes, lighters, pens, paper receipts, computers, credit card processors, staples, and other materials that had previously travelled through interstate commerce.

24. Therefore, during Plaintiff's employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage.

25. Defendant LAKE VIEW regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's businesses enterprises covered by the FLSA.

26. Defendant PURPLE HAZE regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's business enterprise covered by the FLSA.

27. Defendant LAKE VIEW grossed in excess of $500,000.00 in 2020 and 2021, and are each expected to gross in excess of $500,000.00 in 2022.

28. Defendant PURPLE HAZE grossed in excess of $500,000.00 in 2020 and 2021, and are each expected to gross in excess of $500,000.00 in 2022.

**JOINT ENTERPRISE COVERAGE**

29. During all times material hereto, Defendants, LAKE VIEW and PURPLE HAZE, performed substantially related activities, as both corporate entities focused their operation on selling vaporizers, e-cigarettes, tobacco wrap, hookah equipment, and other smoke and vape products.

30. Defendants LAKE VIEW and PURPLE HAZE used central management and/or common control to effectuate the business needs and goals of both entities.

31. Moreover, Defendants LAKE VIEW and PURPLE HAZE were engaged in offering substantially the same products and services to consumers in Florida and more specifically, Palm Beach County.

32. Defendants LAKE VIEW and PURPLE HAZE also shared a common business purpose during all times material hereto.

33. Defendant LAKE VIEW relied on PURPLE HAZE's assistance in its operations and vice-versa.

34. Supervisors for LAKE VIEW managed and supervised PURPLE HAZE employees, and vice-versa.

35. Upon information and belief, the gross revenue of Defendants LAKE VIEW and PURPLE HAZE was collectively in excess of $500,000.00 in 2019, 2020, 2021, and are expected to collectively gross in excess of $500,000.00 in 2022.

36. Defendants LAKE VIEW and PURPLE HAZE intermingle resources, finances, employees and supplies to provide services to their clients.

37. One of Plaintiff's supervisors—Mohammed Nayeem—performs management duties for both LAKE VIEW and PURPLE HAZE and assigned and otherwise directed and

controlled Plaintiff, and other LAKE VIEW and PURPLE HAZE employees during the relevant time period.

38. LAKE VIEW and PURPLE HAZE employ and use the same store personnel for their jointly operated stores.

## **PLAINTIFF'S WORK FOR DEFENDANT**

39. In August 2021, Defendants LAKE VIEW and PURPLE HAZE jointly hired Plaintiff as a non-exempt employee to work as a Store Manager.

40. Upon hiring Plaintiff, Defendants agreed to compensate Plaintiff at a rate of $12.00 per hour.

41. In September 2021, Plaintiff resigned from her employment by Defendants in order to recover from injuries that she sustained in a car accident.

42. Defendants jointly rehired Plaintiff as a Store Manager in March 2022.

43. Upon re-hiring Plaintiff, Defendants agreed to compensate Plaintiff at a rate of $12.00 per hour.

44. Thereafter, Plaintiff continued to work for the Defendants until she resigned from her position in July 2022.

45. During Plaintiff's employment period, Defendant LAKE VIEW required Plaintiff to perform her duties with PURPLE HAZE employees and vice versa.

46. During Plaintiff's employment period, Plaintiff was required to direct all human resources and accounting inquiries concerning her employment with LAKE VIEW and PURPLE HAZE to LAKE VIEW's upper management personnel and vice versa.

47. During Plaintiff's employment period, beginning in August 2021, Plaintiff regularly worked for Defendants in excess of forty (40) hours per week.

48. During one or more workweeks, Defendants failed to pay Plaintiff the applicable overtime wages when she worked more than forty (40) hours in a work week.

49. Defendants deliberately underpaid Plaintiff for any overtime hours that she worked by providing her with a separate paycheck which compensated Plaintiff at her regular rate for any hours worked in excess of forty (40) in a single work week.

50. Defendants were expressly aware of the work performed by Plaintiff, and in fact instructed and directed Plaintiff to perform this work, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation during the relevant period.

51. Defendants LAKE VIEW and PURPLE HAZE regularly manipulated the time records for Plaintiff during the relevant time period.

52. Plaintiff's payroll records during the relevant time period do not accurately reflect the hours actually worked by Plaintiff.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS - *29 U.S.C. § 207*
### (Against Defendants LAKE VIEW and PURPLE HAZE)

53. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 52 as though set forth fully herein.

54. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

55. During all times material hereto, Plaintiff was a non-exempt employee who was eligible for overtime wages when she worked in excess of forty (40) hours per week.

56. During the time period relevant to this lawsuit, Plaintiff regularly worked in excess of forty (40) hours in one or more workweeks.

57. However, Defendants LAKE VIEW and PURPLE HAZE failed to properly compensate Plaintiff in one or more workweeks for all hours worked in excess of forty (40) at a rate of one-half her regular hourly rate for hours worked.

58. Further, Defendants paid Plaintiff at her regularly hourly rate for every hour that she worked in one or more workweeks even when Plaintiff worked over forty (40) hours per week.

59. Plaintiff is entitled to recover statutorily prescribed overtime wages at the applicable half-time overtime wage rate for all hours worked in excess of forty (40) per week.

60. Defendants intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to their compliance with federal overtime law.

61. Plaintiff is therefore entitled to: (i) half-time overtime wages; and (ii) liquidated (double) damages pursuant to the FLSA.

62. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by *29 U.S.C. § 216(b)*, plus liquidated damages, and any such further damages as may be shown at the time of trial.

63. Defendants, LAKE VIEW and PURPLE HAZE, hired Plaintiff, to work and are jointly and severally liable for the FLSA violations alleged herein.

64. Plaintiff has been required to retain the undersigned law firm to prosecute her claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, KENDALL STRICKER, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, LAKE VIEW 6919 LLC, and PURPLE HAZE PROJECT LLC, jointly and severally, and award Plaintiff: (a) overtime wages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted

under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, KENDALL STRICKER, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 2nd day of August 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No.
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 2, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: